UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 25-cv-25027-PCH

CHARLES ARNOLD,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD.,

    *Defendant*.

_____/

### **DEFENDANT'S MOTION TO DISMISS COUNTS I, II AND III FROM PLAINTIFF'S COMPLAINT**

Defendant, NCL (Bahamas) Ltd. ("NCL"), hereby moves to dismiss Plaintiff's claims for direct liability, Counts I, II and III, from Plaintiff's Complaint.

### **Introduction**

This is a maritime personal injury action in which Plaintiff alleges he suffered injuries when he fell backwards down the stairs of an escalator on the *Norwegian Epic*. [ECF No. 1] Plaintiff's Complaint alleges four counts: three of direct liability (failure to maintain, failure to warn, and general negligence) and one of vicarious liability. NCL moves to dismiss Plaintiff's counts of direct liability (Counts I, II and III) because he fails to allege any facts that make it plausible that NCL knew or should have known about the allegedly dangerous condition, and therefore those counts of the Complaint fail to state a claim upon which relief can be granted.

### **Memorandum of Law**

    **I.**    **Standard for Motion to Dismiss**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id*. at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

II.     **General Maritime Law Applies**

"An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty." *Gandhi v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 33395 (S.D. Fla. Mar. 14, 2014). Plaintiff alleges his incident occurred onboard a vessel at sea and that this Honorable Court has admiralty and maritime jurisdiction. [ECF No. 1]

### III. Plaintiff's Complaint Fails to Adequately Allege Notice

Plaintiff's Complaint must be dismissed because he has failed to allege sufficient matter which, taken as true, would establish a right to relief. To state a claim for maritime negligence, a plaintiff must allege facts showing 1) the defendant had a duty to protect plaintiff from an injury; 2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's injury; 4) the plaintiff suffered harm as a result. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty owed by a ship owner to its passengers is a duty of reasonable care under the circumstances of each case. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). This standard requires that Plaintiff prove that NCL had actual or constructive notice of the dangerous condition that caused Plaintiff's injury. *See Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563, 565 (11th Cir. 2017); *see also Keefe*, 867 F.2d at 1322 ("as a prerequisite to imposing liability . . . the carrier [must] have had actual or constructive notice of the risk-creating condition.").

Courts in this District have routinely dismissed maritime negligence claims where plaintiffs failed to allege enough facts showing that the cruise line had notice of the allegedly dangerous condition. *See e.g., Navarro v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 237951 (S.D. Fla. Dec. 19, 2020) (Moreno, J.); *Cisneros v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 11120 (S.D. Fla. Jan. 23, 2020) (King, J.); *Sperzel v. NCL (Bahamas) Ltd.*, 2020 U.S. Dist. LEXIS 6954 (S.D. Fla. Jan. 13, 2020) (Ungaro, J.). The Eleventh Circuit has also affirmed dismissal of cruise-ship passenger claims where the passengers failed to allege sufficient facts that the cruise lines were on notice of the allegedly dangerous conditions.

In one such case, *Newbauer v. Carnival Corp.,* the Eleventh Circuit affirmed a district court's granting of a cruise-ship operator's motion to dismiss that found that *Newbauer* failed to provide any factual allegations to support her claim that *Carnival Corp.* had actual or constructive notice of the hazard which allegedly caused her injury. 2021 U.S. Dist. LEXIS 34240 (S.D. Fla. Feb. 24, 2021) (Scola, J.), aff'd 26 F.4th 931 (11th Cir. 2022). In *Newbauer,* the plaintiff cruise-passenger alleged he was injured when he slipped and fell on a wet, slippery transitory substance on the cruise-ship's Lido deck, and filed suit against the cruise-ship operator alleging that it negligently failed to maintain the area and/or warn her of the condition. In dismissing *Newbauer's* claims, the district court found that "[n]one of the Plaintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard complained of because the Plaintiff's complaint fails to satisfy applicable federal pleading standards under Federal Rule 8 and the *Iqbal/Twombly* standard." 2021 U.S. Dist. LEXIS 34240 at *4. In affirming the district court's decision, the Eleventh Circuit similarly concluded that the passenger "failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition." *Newbauer*, 26 F.4th at 935.

After *Newbauer,* the Eleventh Circuit reaffirmed the principle that, "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *See Holland v. Carnival Corp.*, 2022 U.S. App. LEXIS 27733 *12 (11th Cir. Oct. 4, 2022). In *Holland,* the plaintiff cruise-passenger filed suit against the cruise-ship operator alleging he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship. *Holland's* complaint generically alleged that the cruise-line was on notice "due to the frequent

nature of prior slip and fall incidents on this staircase" and made other vague allegations that made it possible that the cruise-line had notice of the allegedly dangerous condition, but it failed to provide factual allegations that plausibly suggested the cruise-line had notice, actual or constructive, of the dangerous condition. "Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief." *Id.* at *16, citing *Iqbal,* 556 U.S. at 678.

In the present case, Plaintiff's Complaint suffers from the same flaws. Plaintiff makes vague and conclusory allegations about the escalator (e.g., "the escalator was unreasonably dangerous"), but never alleges what was wrong with the escalator and never provides any causal connection between a problem with the escalator and the alleged incident. Similarly, Plaintiff fails to sufficiently allege that NCL knew or should have known that the alleged incident would occur. Paragraphs 14 – 16 are entitled "Allegations Relevant to Notice" but Plaintiff does not provide any factual allegations that plausibly allege NCL knew or should have known the alleged incident would occur. The closest Plaintiff comes is referencing three other incidents involving escalators, but those other incidents do not support his allegation of notice.

The first claim, *Hicks v. NCL, Ports America, Inc., SMS International Shore Operations US, Inc., American Guard Services, Inc. and XYZ Corporation*, Case No. 22-CV-22152, was an incident on August 29, 2021 (over three years before Plaintiff's November 2, 2024 incident) and did not involve the subject elevator. It did not even involve an escalator onboard a NCL vessel. The escalator where Hicks claimed to have been injured was inside the terminal at the Port of Miami where no NCL employees are located. *See* Hicks' Amended Complaint, attached as Exhibit "A."

The second claim, *Simone v. NCL*, Case No. 19-CV-25245, involved an incident on January 4, 2019 (almost six years before Plaintiff's November 2, 2024). While Simone's 2019

incident did involve the subject escalator, Simone alleged his incident occurred because "the escalator malfunctioned so that its right handrail was not synchronized with the escalator steps." *See* paragraph 14 of Simone's Complaint, attached as Exhibit "B." Plaintiff makes no such allegations about the escalator's handrails malfunctioning, so it's unclear how/why Simone's 2019 incident would mean NCL knew or should have known that Plaintiff's incident would occur almost six (6) years later.

The third claim, *Penzo v. Celebrity Cruises*, case no. 21-20891, does not involve NCL. Surely a claim involving an escalator on a different vessel owned and/or operated by a different company should not support Plaintiff's claim that NCL knew or should have known his alleged incident would occur.

On their face, none of these three incidents support Plaintiff's allegation of notice and Plaintiff does not provide any explanation on how they do/should. Courts in this district have held that simply identifying other incidents is not sufficient to successfully allege constructive notice. *See Copeland v. Carnival Corp.*, 2025 U.S. Dist. LEXIS 114105 at * 10 (S.D. Fla. June 16, 2025) (Altman, J.) ("While we agree that prior similar incidents needn't be identical to survive a motion to dismiss Copeland still must explain how these two incidents are, in fact, substantially similar to her case. In short, we don't think allegations that other passengers slipped on a substantially similar interior staircase and/or flooring surface on the same vessel are enough to establish constructive notice, unless the plaintiff can explain *how* the staircase she slipped on is similar to the staircases in [the priors referenced in the complaint]." (internal citation and quotations omitted); *see also Bilicki v. Cruises, S.A.,* 2025 U.S. Dist. LEXIS 160777 (S.D. Fla. Aug. 19, 2025)( Dimitrouleas, J.) (finding plaintiff's limited factual allegations about four (4) prior trip and fall incidents on other vessels were insufficient to allege constructive notice); *Tremblay v. NCL Bahamas Ltd.*, 2025 U.S.

Case No.: 25-cv-25027-PCH

Dist. LEXIS 47345 (S.D. Fla. Mar. 13, 2025) (Moreno, J.) (dismissing a cruise passenger's complaint that relied on three prior slip and falls from three other vessels, the most recent of which occurred over five months before the alleged incident); and *Spitza v. Carnival Corp.*, 2024 U.S. Dist. LEXIS 107111 (S.D. Fla. June 17, 2024) (King., J.) (finding seven (7) prior trip and falls on the cruise-ship operator's vessels, only two (2) of which happened within a year of Spitza's incident and the most recent almost four (4) months before Spitza's incident were "too remote to infer Defendant's notice.")

Even at this stage, Plaintiff's attempts to allege NCL knew or should have known his alleged incident would occur should be deemed insufficient and his claims for direct negligence, Counts I – III, should be dismissed.

## Conclusion

For the foregoing reasons and based on the above cited authorities, NCL respectfully submits that this Honorable Court should enter an Order dismissing Counts I, II and III from Plaintiff's Complaint.

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Counts I, II and III from Plaintiff's Complaint, and all further relief deemed just and proper.

Respectfully submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:    (305) 436-4653

By: */s/ Todd L. Sussman*
    **Todd L. Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

Case No.: 25-cv-25027-PCH

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November 2025, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Todd Sussman*
**Todd Sussman, Esq.**

## SERVICE LIST

*Charles Arnold vs. NCL (Bahamas) Ltd.*
Case No.: 25-cv-25027-PCH
United States District Court for the Southern District of Florida

Todd Sussman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126
Telephone:     (305) 436-4653
Facsimile:      (305) 468-2132
tsussman@nclcorp.com
jjara@nclcorp.com
*Attorneys for Defendant*

Frank D. Butler, Esq.
Jana Ranieri Cortina, Esq.
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
fdblawfirm@aol.com
JCortina@fightingforfamilies.com
*Attorneys for Plaintiff*